Good morning. Our first case on the call of the docket today, Wednesday, May 16, 2012, is agenda number four, case number 112438, People v. Fields. Counsel for the appellant, please proceed. Thank you, and may it please the court. Assistant Attorney General Michael Blankenheim on behalf of the people. The appellate court majority in this case reversed defendant's conviction because defense counsel, on the theory that defense counsel, who had previously represented a prosecution witness, had a per se conflict of interest. The appellate court recognized that this court has rejected per se conflict claims unless the defendant can show that the representation of the witness was contemporaneous with counsel's representation of the defendant. But the appellate court found that those cases were distinguishable because they had not addressed whether a prosecution witness could be considered an entity assisting the prosecution. Because the answer to that question is no, and because defendant's arguments for affirming the judgment are otherwise without merit, this court should reverse. I'd like to discuss two issues this morning. First, that the per se conflict rule as applied to cases involving past representation of prosecution witnesses, and second, that the per se rule as applied to entities assisting the prosecution. This court's cases are clear that a per se conflict of interest requires evidence that defense counsel contemporaneously represents a prosecution witness and the defendant. That was this court's holding in People v. Enoch and People v. Flores. Ms. Blankenheim, can I ask you this question? Do their cases explain the policy reasons for two different standards? Why is it significant that in one setting counsel who had attorney-client relationship with a person and gained information about them would not be in the same position of conflict, whether it was in the past or contemporaneous with the trial? Sure. There are a number of reasons. First, when counsel contemporaneously represents the witness and the defendant, there's a greater risk that the attorney will be truly torn between competing professional interests. This court's decision in People v. Thomas is a good example where the defense counsel represented one of the prosecution's witnesses and forewent an obvious area of cross-examination because that witness was her client. And the court suggested that, well, the defense counsel had a potential pecuniary interest in foregoing that area of impeachment. Additionally, the lawyer, this court recognized that defense counsel in that case might have foregone that impeachment because it would have been damaging to the witness in the witness's pending criminal case where the defense counsel was also representing her. So when there's a contemporaneous representation, there's a greater risk of conflicting professional interests. But when the representation has ended, the basis for the potential conflict would be the lawyer having gained privileged information from the past representation, and could that be used in the current case, but will the lawyer not do it because of his obligation to keep that information privileged? But to create a per se conflict rule on the ground that, solely on the ground that the lawyer possesses confidential information about the witness is too speculative because not in every case is the information from the past case going to be relevant for the current case. There's just too many, it's just the kinds of cases that a lawyer can represent a client in are too varied and too numerous to say that, well, the lawyer has confidential information about that client, and we're going to recognize that a per se conflict rule forbidding any representation when that's the case. And so in this court's cases dealing with past representation of the prosecution witnesses, the court has, it's clear that the per se conflict rule has, the question is, what facts about defense counsel's status by themselves engender the disabling conflict? And so a court addressing such a claim has to address two questions. Whom did counsel represent and when? And it's a very narrow, fact-specific inquiry, and as this court noted in Hernandez, it fosters uniformity of results and ease of administrability in each case. But the defendant's proposed modifications to the per se conflict rule compromise all of those objectives, and they're also inconsistent with this court's cases. The defendant suggests that the rule should be modified if the witness is, depending on the witness's importance to the prosecution's case. This court's precedents don't discuss the importance of a prosecution witness, and in fact, in Peeble v. Enoch, defense counsel had previously represented one of the main witnesses in the case, but they turned on the absence of a contemporaneous professional relationship, not on that witness's importance to the case. The defendant also suggests that here a new per se conflict rule should be recognized because representing a propensity witness is tantamount to representing the victim herself. But that argument fails for legal and factual reasons. This court's decision in the per se conflict rule involving a victim has to be the victim of the defendant's alleged offense. And in this case, the prosecution witness, C.S., was not the victim of the offenses charged in the case. Mr. Blankenheim, is it appropriate to use a dictionary to discern the meaning of entity as used in this court's case? No, it's not. Because the entity assisting the prosecution was a term that this court coined, and it's one that's developed in case law rather than, say, a statute, the best source of meaning would be this court's own cases. In going to this court's cases, namely Peeble v. Washington and Peeble v. Lawson, the best understanding of an entity associated with a prosecution, either in developing, generating evidence for trial, explaining evidence at trial, or otherwise helping the prosecution make its case, that organization has a professional stake in the outcome of the litigation. And so there's two distinctions between such an organization, the police, the municipality in Washington, and a prosecution witness. First, the municipality in Washington was working with the prosecution to develop its case. Police officers from the municipality had arrested the defendant and testified against him at a pretrial suppression hearing. So it's not just offering helpful testimony, it's assisting the prosecution, helping them make their case and present it to the jury. And the second distinction, of course, is that going back to this court's cases, entity, the court has used the term entity only to refer to a municipality, and it's used the term throughout the per se conflict cases in distinction to a person. So the court has said time and again that the per se conflict rule derives from defense counsel's tie to a person or entity that has some kind of, will gain some kind of benefit from the conviction. So the fact that the court is using the two terms, person and entity side by side, signals that entity can't plausibly mean a person or a prosecution witness, such as C.S. And going back to the nature of this court's per se conflict rule, the per se conflict rule is a narrow exception to the General Sixth Amendment requirements that a defendant show deficient performance and prejudice to obtain a new trial. One exception to that rule is for cases involving actual conflicts of interest, where the burden is on the defendant to show an actual conflict that adversely affects the performance. But the per se conflict rule goes even narrower, excuse me, even further, exempting the defendant from making any showing whatsoever that counsel's performance might have been affected by a conflict. All defendant has to do is point to a past or current professional tie to a witness, the victim, or the prosecution, and he's relieved from showing, making any kind of showing of whether that performance adversely affected the trial. I haven't completed any research, but I've found some leads that tend to indicate that other jurisdictions suggest that if the relationship in the witness situation, when the relationship is terminated, an actual per se conflict does not exist. Have you, has your research identified any foreign cases? I, we did not look at foreign jurisdictions. We just looked at Illinois cases, but I'm sorry if you could repeat that. You said foreign cases say? That if the relationship has terminated, an actual per se conflict does not exist in witness cases. Okay. Not in victim cases. That's consistent with Illinois law then. So once the representation of the witness is terminated, there's no per se conflict. But the court has said, where there's a past representation of a prosecution witness, the court has said, we're not going to speculate that the lawyer possessed confidential information that could have been helpful at trial, but that wasn't used given the counsel's professional obligations. The court has made, has put the burden on the defendant to show that such information existed and that the failure to use it created an actual conflict of interest. And if there are no further questions at this point, I will save the remainder of my comments for rebuttal. Thank you. Counsel for the appellee. Good morning, your honors, and may it please the court. Now as you know, the appellate below held that defendant's trial attorney had a per se conflict of interest where he had served as a guardian ad litem in a prior unrelated juvenile matter for CS, who testified at defendant's trial as a prior victim of defendant, as a propensity witness. Now our position is that although we believe the appellate's reasoning was correct, even setting aside its reasoning, its decision can be affirmed under the grounds. Now the state mentioned earlier that there are of course actual and per se conflicts. This case only concerns per se conflicts where there's no need to show prejudice. Now this court in Spreitzer explained that per se treatment is warranted where counsel has a tie to a person or an entity who would benefit from an unfavorable verdict for the defendant, and two, that tie might subliminally affect counsel's performance in ways that are difficult to detect or to demonstrate. We believe those two elements apply to these facts in this case, just the unusual sort of facts that we have here. With respect to the first element that this court in Spreitzer noted, the appellate court was of course correct to conclude that CS would have benefited from defendant's conviction and that counsel had a tie to her. He served as a guardian ad litem in a prior juvenile matter, and she certainly would have benefited. She was a prior victim of the defendant. She testified that defendant committed the same offenses against her, but in a different way. She was a victim in all but name. She was not the direct victim in Henry County, but she was the victim in Rock Island County. So to that extent, she would benefit really the same as the benefit in this case, as the victim in this case would have benefited. Furthermore, it was concluded he had received a four-year sentence, and then the case was pending on appeal at the time of her conviction, and she was not the direct victim in Henry County in this case. How does she benefit any more than, say, members of the general public benefit if a sex offender is found guilty? I would submit there's certainly an argument to make the public benefits from protection. Certainly. How did she benefit differently than another member of the public? Well, in addition to the fact that she was, we don't know whether she was aware that her, that the Rock Island County case was on appeal. So we don't know whether she was aware that that case was, there's some uncertainty as to the finality of that conviction. But beyond that, the state notes that she had suffered nightmares of the defendant coming and harming her. Now, if the defendant were convicted, presumably he would have received a much longer sentence than the four-year sentence he received in Henry County. So he would no longer pose a physical threat to her because he would be incarcerated. And, again, presumably those nightmares would subside or otherwise abate. Can I follow up on the question about the other case? Yes. The other case was reversed, correct? Yes. I think your footnote tells us it was reversed because in that matter the defense attorney representing the same defendant here had a per se conflict there. Exactly. And so there would have to be a new trial in that case. Yes. And my question would be, the conviction in this case, could the witness in this case testify in the retrial as a propensity witness in that case? I don't believe so. I think under Spreitzer, I think it would be, I'm sorry, let me take that back. I think in that case she could testify because, again, there was no tie, there's no evidence that trial counsel had that tie to the victim in this case. There's no evidence that he was her guardian ad litem. So I think that there is no prior relationship there. There's no tie, in essence, in the words of the Spreitzer court. But are you trying to make some distinction between generally a state's witness and a propensity witness? Yes. Yes. In that case, yes, definitely. Because of the fact that, as we all know, propensity evidence is generally barred because it tends to over-persuade a jury. But then by statute, there are certain very narrow exceptions for certain sexual offenses where they do allow in propensity evidence. So we believe in that case she was testifying, again, that she was the victim of the same offenses, just in a different county, and then the state used that evidence substantively to say, well, therefore, the defendant here committed those same offenses against the victim in this case. Mr. Sroka, this Court has held that a per se conflict exists where defense counsel contemporaneously represents a prosecution witness. You would agree with that? Yes. Yes. And if we also hold, as you would have us hold, that a prosecution witness can be an entity assisting the prosecution, how does that not render that first holding superfluous? What's your best argument regarding that? Well, I suppose at the outset, as I mentioned earlier, this Court is not bound by the reasoning of the lower court. It's free to revise or expand its conflicts jurisprudence. As the state notes, this is developed through case law. So this Court Are you being candid with the Court that it would render that superfluous? No. No, I don't think so. Because I think, well, first of all, this Court has always termed those three, they use the term situations and not categories. The dissent below, and I think even actually the majority below, termed those three situations as categories. This Court has never said they were mutually exclusive. There's a certain, I think there's a certain degree of overlap that's inevitable simply because of the fact-based inquiry that you need to go into to determine the attorney's status with respect to the witness. And more than, and beyond that, the first situation is very broadly written. And under that same situation, if defense counsel has a prior association with the prosecution, well, that sounds an awful lot like the third situation, where defense counsel was a former prosecutor personally involved in the defendant's prosecution. So it sounds like the first one really could even, there's an argument that could be made that the first one could even render superfluous the third situation. So I think in that respect, there is a certain degree of overlap. With respect to whether an association and a representation are, or whether an association necessarily includes all types of representation, I don't know that I would agree with that, because a representation to me is far more formal. It implies greater obligations and duties than an association, where it seems far more of a casual relationship. So I don't, the short answer to your question is no, I don't believe it would render superfluous the second category. Now, I guess turning briefly to the second element with respect to sprites, or that was whether this tie that trial counsel had with CS might subliminally affect his performance in ways that the record wouldn't show. But we believe that's clearly present here. Again, defense counsel's prior representation of CS as a guardian ad litem exposed him to confidential information. What kind of confidential information it is, we really don't know. However, from the Rock Island County case, we do know that it concerned CS's mother so much that she was the one who contacted the state. She was alarmed by the fact that trial counsel who had been her daughter's guardian ad litem was now defense counsel in Rock Island County, so she was the one who took it upon herself, because of her concern, to contact the state. And at that point, then, the state alerted the trial court in Rock Island County and discussed it. Here, however, of course, the Henry County trial judge had no idea of this. There's nothing in the record that the Henry County trial judge was ever aware that there was this potential conflict. Tell me how that adversely affects or could possibly adversely affect your client. If this attorney did have some confidential relationship or confidential information obtained through that prior relationship, information no one else had and any other attorney that represented your client wouldn't have. How does that fact adversely affect your client as opposed to the concern that the mother has for her daughter, the guardian ad litem? I guess our position is that it would have inhibited his ability to cross-examine her. But how would it inhibit that if they can't use the confidential information that no one else had? Well, beyond that, he was also her guardian ad litem. He wasn't her attorney for, say, a theft case. And as a guardian ad litem, he was looking for her best interests. And we believe that when you, it's a different, it's a different sort of relationship. When he's looking after her best interests, that at one point he's trying to look after these best interests, he's trying to do his best for her, and then here on cross-examination he has to tear down her credibility or expose her bias. I think that, at least subliminally, would have affected his performance. And moreover, we're, we think that it's possible that the State would benefit from application of this, of these two elements and sprites or to these, to this unusual set of facts because of the fact that it's possible that C.S. may have been a little bit more forthcoming with, with trial counsel because of the fact that he had previously been looking after her best interests. Ms. Strzoka, how long does that representation last, however? Forever? Is he always going to have to be subject to looking after her best interests from now on? No, no, it's just, it's... So at what point does that representation as a GAL cease? I, I suppose it would be whenever that juvenile matter had terminated, then presumably the court, I'm not entirely familiar how that works, but I'm guessing that the court would make some sort of formal announcement or some sort of indication that the GAL relationship would have ended at that point. But again, we're thinking that merely because the representation had ended, his responsibility, his relationship with her continued and the fact that he could no longer use any kind of this information. And while it's true that any attorney wouldn't be able to use the information on cross-examination, we think that having this additional information, it would have prevented him, at least subliminally, from just effectively cross-examining her. Are the requirements of confidentiality the same from a GAL as to an attorney-client relationship? That I, I'm not entirely certain, but I believe just looking, when I look briefly at the statute, my understanding is that because of the fact that his responsibilities were for the best interest of the child, he did not have to have any duty to perform at her direction. So he had to look after her best interest, and I think that would imply that if during the course he may have to disclose that confidential information during the course of the juvenile matter, I think he would have to do that. However, that's different from here, which was a criminal case involving a different individual. Is it, is it essential to your analysis that there's a guardian ad litem as the prior representation, or does that apply to her, or would the analysis in your mind, in your argument, be the same if he represented her just as a defense counsel? Well, I think in this case, the fact that he was a guardian ad litem does heighten the, the concern, simply because of the fact that here he had to look after this best interest, perhaps this child, I believe she was seven at the time of the guardianship, there was a different sort of relationship when she looked to him. He wasn't some attorney defending her in a battery case or retail theft. It was someone who was, who was hired to look after her best interest. And I think that's a little bit of a different sort of relationship than a normal, a typical attorney-client relationship with respect to whether any, we do not believe that every, that every state's witness, the representation of a state's witness would be the same. It doesn't necessarily raise a per se conflict. We think that just simply there should be some facts that should be brought out in the trial court just to determine the status of that, of the defense attorney with respect to that witness. Here, again, there is nothing. Do you know if the prior representation was in the context of a delinquency petition or an abuse and neglect petition? That we don't know. We don't know. It doesn't tell us that. Just to be clear, you're not claiming that there's a, that he's representing her or that he is still a GAL. No, no. It's basically you're wanting to indicate that this is an entity assisting the prosecution, I take it, to make it a prior representation. Right. He was, his representation of her as a GAL, according to what he stated in the Rock Island County Court, was in the context of a delinquency petition. It terminated either in 2002 or 2003. So in this case, again, we do believe the appellate court was correct. It's fine that she was an entity assisting the prosecution, but again, this court, if this court were to find, this court is free to simply say that, well, in this case, she was testifying as a prior victim of the same offenses. That's really, again, she's a victim in all but name, so that would satisfy a prior relationship with the victim. Or it can simply recognize another situation in which you have this GAL relationship and then she testifies later as a propensity witness. Taking your argument to the ultimate conclusion, would this attorney be forever barred from defending any attorney where this witness, this individual might be a witness in the future, or is there a time limit even under your argument? I think I don't know that I would necessarily want to put a time limit on it in all candor. I think that just the nature of the information that he received and the fact that there's a GAL relationship present changes things quite a bit. And I think it is something that is continuing. So I think it would be very difficult for him to represent, you know, the GAL relationship in defense count, represent a defendant, and then also have this prior guardianship, this witness where he was a prior guardian testify, unless, of course, the guardian is willing to, unless, of course, the defendant is willing to waive that potential conflict on the record. Or perhaps, I suppose, maybe if the guardian were, or the subject of the guardianship, if she were willing to somehow waive the confidentiality. The relationship of a GAL isn't really that of a guardian. It's the long arm of the court to make sure the best interest of the minor witness is adhered to. So oftentimes the GAL really doesn't have much of a relationship with that person, if they're not willing to talk to them, if they're not willing to participate. So in this case, do we know what kind of a relationship there was with that, with the witness? Again, we don't. There's nothing. And then when I'm looking at the Rule 23 order in the Rock Island County Court, there's nothing really to indicate that. And then, of course, in the Henry County Court, there's nothing in the record whatsoever to indicate the nature of the relationship, whether the attorney said, oh, I was appointed a guardian, but I had no contact with her, or it was just I appeared once or twice. But the duties and responsibilities of the GAL are quite distinct from that of an attorney-client relationship. That's correct. That's correct. That's correct. Let me see. All right. Well, again, as I mentioned, if I could just mention very briefly, again, we do believe that the appellate court's reasoning was correct, notwithstanding the fact that this court is free to disregard it and recognize either a new situation or to analogize the situation as that of a victim. The appellate court did not find any case law defining entity. It did, I think, what was natural. It just turned to a dictionary. That's something that is done, typically, in statutory construction, but I don't think that's something that's necessarily inappropriate here. And, again, the fact that it found that she was an entity assisting the prosecution was shared by the Fourth District recently in People v. Dobson. So we think that adds perhaps further weight supporting the appellate court's reasoning. I'm not sure if there are any further questions or concerns I can address. I just want to briefly conclude. I see my time is almost up. Again, we're not claiming that all witnesses create a per se conflict. We just believe that the facts of this case, the unusual facts of this case, warrant a holding that defendant's trial attorney had a per se victim in a prior unrelated juvenile matter of the witness who testified as the prior victim of defendant of the same offenses. So specifically, we respectfully request that this court affirm the decision of the appellate court. Thank you very much for your consideration. Mr. Blankenheim. Thank you. Even if the court accepts that the facts of this case are somewhat unusual, the law that should govern them is not unusual. This court has been very clear that prior representation of a prosecution witness is not a per se conflict of interest. And contrary to the defendant's suggestion, the court has used the term category and not just situation to define those per se conflicts as Hernandez. And you heard much from the defendant regarding gaps in the record. And rather than trying to fill those gaps, defense counsel is asking that the per se conflict rule be broadened to far beyond its contours at the present time. The defense also suggests that the court should view C.S. as a beneficiary of the guilty verdict, but this court has never treated the rationale for the per se conflict rule as an independent source for finding a per se conflict. Rather, the court has limited the inquiry to whom did defense counsel represent and when. Justice Carmire, you asked regarding about the prior representation of an entity assisting the prosecution. So even if this court finds that a prosecution witness can be an entity assisting the prosecution, this court has never held that such a prior representation creates a per se conflict of interest. As we've explained in our briefs, this court's language in Hernandez and Taylor, two cases that did not involve an entity assisting the prosecution, were obiter dicta because the facts of those cases didn't involve an entity, those issues weren't necessarily briefed by the parties, and that that language was not necessary to the court's decision. Justice Tice, you asked about if the defendant, the C.S.'s testimony in this case could be used as propensity evidence in a retrial. If provided that the judgment here is affirmed, this C.S. could testify as a propensity witness in the retrial in the Rock Island case. And if the court has no further questions at this point, we'd ask that the judgment below be reversed and the case be remanded to the appellate office so this court might recommend inferring from the company claims. Thank you. Case number 11438, People v. Fields, will be taken under advisement as Agenda number four.